1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

| | |
|---|---|
| DENNY TALADAY, et al., | NO.  C14-1290-JPD |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION FOR PROTECTIVE ORDER |
| METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

15

16

17

18

19

20

21

22

23

24

      This matter comes before the Court upon the July 16, 2015 Motion for a Protective Order by interested party JPMorgan Chase & Co. ("Chase").  Dkt. 50.  Although Chase is not named as a party in the complaint, plaintiffs served Chase with a subpoena issued under Fed. R. Civ. P. 45 and 30(b)(6) requiring a Chase representative to appear in Seattle and testify about fifteen specified topics.  *Id*. at 2.  Chase expresses concern that "given the breadth of the topics" identified for the deposition, "the Taladays might be seeking confidential Chase business information in the course of their deposition, and there ought to be a reasonable protective order in place to ensure that information was not used improperly."  *Id*.  Chase argues that the parties have conferred, but were ultimately unable to reach an agreement about the language of the protective order because "[t]he Taladays insisted that paragraphs 18 and 19

ORDER - 1

of the Court's model protective order needed to be changed to read 'Counsel for the parties may retain copies of the confidential documents.  Nothing in this order shall prevent them from using such materials in future cases.'"  *Id*. at 2-3.  Chase argues that the Court should enter "a version of the Court's model protective order, appropriately revised to cover testimony that Chase may give and documents that Chase may produce" because "the Taladays want the right to use Chase's confidential information for 'future litigation,' even unrelated litigation."  *Id*. at 3.  Chase asserts that "a protective order will ensure that any testimony or documents concerning Chase's proprietary and confidential policies and practices are used only for purposes of this litigation, and not otherwise."  *Id*.

On July 22, 2015, plaintiffs responded that Chase's request for a protective order is overbroad because "no confidential information was requested during Chase's deposition and there is no current dispute regarding confidentiality."  Dkt. 54 at 3.  Specifically, plaintiffs took Chase's deposition on Friday, July 17, 2015, and during that deposition, "Chase did not assert that any of its testimony was confidential on the basis that it was a trade secret" and "aside from the attorney-client privilege, Chase made no confidentiality objections whatsoever during the deposition.  After the deposition, Plaintiffs confirmed by email that none of the deposition testimony was confidential."  *Id*. at 1-2.  Similarly, with respect to documents produced by Chase in response to a subpoena *duces tecum* issued by MetLife, Chase has not asserted any privilege concerning any documents.  *Id*. at 2.  Plaintiffs point out that Chase has failed to cite any authority holding that a court may issue a protective order concerning unknown materials that might be requested at a later date, and Chase has actually removed the portion of the model order that requires Chase to include a list of specific documents to be deemed confidential by the Court.  *Id*.  Finally, plaintiffs point out that Chase's demand that plaintiff agree to not use unknown materials in future litigation could be problematic if Chase and

plaintiffs become involved in future litigation concerning the foreclosure of the Taladay residence. *Id.* at 3.

The Court agrees with plaintiffs that Chase has not made the requisite evidentiary showing to obtain a protective order. Our district's local rules assert that "there is a strong presumption of public access to the court's files. This rule applies in all instances where a party seeks to overcome the policy and the presumption by filing a document under seal." LCR 5(g).[1] LCR 26(c)(2), which governs issuance of protective orders in this district, provides that "the court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, *its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles*, and it does not presumptively entitle the parties to file confidential information under seal." (emphasis added).[2]

Here, Chase has neither articulated what specific information or materials it considers confidential, nor provided any evidentiary support for the requested protective order. As plaintiffs point out, Chase's requested protective order also departs drastically from the district's model protective order by eliminating the requirement that Chase "include a list of specific documents" to be deemed confidential by the Court, and not "broad categories of

---

[1] This presumption in favor of public access is also reflected in the local rule providing that "where parties have entered a . . . stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential," the burden is on "the party who designated the document confidential" to provide "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

[2] LCR 26(c)(1) also requires any motion for a protective order to include a certification that the parties have engaged in a good faith effort to meet and confer to resolve their dispute, which the Court finds was satisfied in this case.

ORDER - 3

documents such as 'sensitive business material.'" Dkt. 52 at 22.  Indeed, Chase's circular

definition of "confidential" material under the protective order purports to include any

testimony "marked confidential" and any document containing "confidential material"

pertaining to customers or policies and practices of Chase.  Chase's counsel admits as much in

an e-mail to plaintiffs' counsel, stating that "the protective order we're asking for would not

identify anything as confidential.  It would, however, prescribe an orderly process for handling

designations, if and when made." Dkt. 54 at 41.  This district's local rules, however, already

set forth an orderly process for protecting confidential information, while also honoring the

strong presumption of public access to the Court's files.  Chase's requested protective order is

overbroad and inconsistent with this district's rules.

    Accordingly, the Court DENIES Chase's motion for a protective order.  Dkt. 50.  The

Clerk is directed to send a copy of this Order to all counsel of record.

    DATED this 23rd day of July, 2015.

                                James P. Donohue
                                _____
                                JAMES P. DONOHUE
                                Chief United States Magistrate Judge

ORDER - 4