The Honorable James P. Donohue

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DENNY TALADAY, Personal Representative of THE ESTATE OF ROSEMARY K. TALADAY, and GARY TALADAY,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | NO. CV 14-01290 JPD<br><br>**PLAINTIFFS' MOTIONS IN LIMINE**<br><br>Note on Motion Calendar:<br>April 1, 2016 |

## I. INTRODUCTION

Plaintiffs respectfully requests that the Court grant the following six motions in limine. Defendant has communicated that it does not object to any of these motions in limine and will not oppose them. Defendant has chosen not to stipulate to motions in limine 1-5 because it believes they are simply re-stating existing law.

1. **Exclusion of evidence and witnesses not disclosed in response to discovery requests, declarations, or depositions.**

2. **Exclusion of witnesses not included in the Pretrial Order, with the exception of rebuttal witnesses that could not be anticipated prior to trial.**

PLAINTIFFS' MOTIONS IN LIMINE — 1

NO. CV 14-01290 JPD

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 – 219th ST SW, SUITE 480
MOUNTLAKE TERRACE, WA 98043
425.582.5636

3. Exclusion of any arguments for a denial of coverage or partial denial of coverage that have not yet been disclosed.

4. Exclusion of any affirmative defenses that have not yet been pled.

5. MetLife is bound by its prior stipulations and RFA (request for admission) admissions concerning authenticity, receipt, and sending of documents.

6. Parties will provide each other with at least 24 hour notice of witnesses to be called at trial.

## II. ARGUMENT

The following arguments supporting the motions in limine are abbreviated because the motions are all unopposed.

1. **Exclusion of evidence and witnesses not disclosed in response to discovery requests, declarations, or depositions.**

It is well-settled that "trial by ambush" is no longer an accepted litigation tactic. The parties have had ample time to investigate this matter and locate all necessary witnesses and exhibits. There is no reason that any last-minute witnesses or evidence should be allowed. Defendant does not oppose this motion and Plaintiffs believe there is value to confirming this rule through an explicit order.

2. **Exclusion of witnesses not included in the Pretrial Order, with the exception of rebuttal witnesses that could not be anticipated prior to trial.**

The events of this lawsuit have occurred over the course of more than two years and the parties have disclosed numerous witnesses who are not likely to be called at trial. It will benefit both parties, and the Court, to know which witnesses will testify. There is no reason for the parties to bring surprise witnesses that are not listed in the Pretrial Order. Defendant does not

PLAINTIFFS' MOTIONS IN LIMINE — 2

NO. CV 14-01290 JPD

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 – 219th ST SW, SUITE 480
MOUNTLAKE TERRACE, WA 98043
425.582.5636

oppose this motion and Plaintiffs believe there is value to confirming this rule through an explicit order.

### 3. Exclusion of any arguments for a denial of coverage or partial denial of coverage that have not yet been disclosed.

Insurers are required to promptly communicate all coverage decisions, including partial denials of coverage. WAC 284-30-330(13) and WAC 284-30-380(1-3) require an insurer to provide written notice of its coverage decisions and promptly provide a reasonable explanation when it denies coverage. "A provision must be asserted as a basis for denying coverage, and <u>during litigation insurers may be precluded from asserting new grounds for denying coverage</u>." *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wn. 2d 501, 520, 276 P.3d 300, 309 (2012) (emphasis added). In order to effectuate such an estoppel, "insureds must demonstrate that they either suffered prejudice or the insurer acted in bad faith when the insurer failed to raise all its grounds for denial in its initial denial letter." *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn. 2d 55, 63, 1 P.3d 1167, 1171 (finding that a violation of WAC 284-30-380 did not provide an automatic remedy of estoppel because there was no allegation of bad faith or prejudice). Here, Plaintiffs would be prejudiced if MetLife were to raise new coverage arguments that have not already been disclosed. For example, the failure to disclose coverage arguments would prevent Plaintiffs from taking the depositions of witnesses with knowledge of any facts supporting those arguments, and would prevent Plaintiffs from locating case law pertaining to those new coverage arguments.

Defendant has communicated it does not oppose this motion.

PLAINTIFFS' MOTIONS IN LIMINE — 3

NO. CV 14-01290 JPD

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 – 219th ST SW, SUITE 480
MOUNTLAKE TERRACE, WA 98043
425.582.5636

4. **Exclusion of any affirmative defenses that have not yet been pled.**

Defendant does not oppose this motion and Plaintiffs believe there is value to confirming this rule through an explicit order.

5. **MetLife is bound by its prior stipulations and RFA (request for admission) admissions concerning authenticity, receipt, and sending of documents.**

Defendant does not oppose this motion and Plaintiffs believe there is value to confirming this rule through an explicit order.

6. **Parties will provide each other with at least 24 hour notice of witnesses to be called at trial.**

This will allow the parties to be properly prepared during trial. Defendant does not oppose this motion.

DATED this 23rd day of March, 2016.

JOEL B. HANSON, ATTORNEY AT LAW, PLLC

/s Joel Hanson

Joel B. Hanson, WSBA #40814
Attorney for Plaintiffs

PLAINTIFFS' MOTIONS IN LIMINE — 4

NO. CV 14-01290 JPD

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 – 219th ST SW, SUITE 480
MOUNTLAKE TERRACE, WA 98043
425.582.5636

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DENNY TALADAY, Personal Representative of THE ESTATE OF ROSEMARY K. TALADAY, and GARY TALADAY,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | NO. CV 14-01290 JPD<br><br>**(PROPOSED) ORDER GRANTING PLAINTIFFS' MOTIONS IN LIMINE** |

This matter came before the Court on Plaintiffs' Motions in Limine. Having reviewed all the briefing and materials submitted for and against Plaintiffs' Motions,

**IT IS HEREBY ORDERED** that the following Motions in Limine are GRANTED. The Court rules that:

1. Evidence and witnesses not disclosed in response to discovery requests, declarations, or depositions shall be excluded.

2. Witnesses not included in the Pretrial Order, with the exception of rebuttal witnesses that could not be anticipated prior to trial, shall be excluded.

(PROPOSED) ORDER - 1

CV 14-01290 JPD

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219TH ST SW, SUITE 480
MOUNTLAKE TERRACE, WA 98043
206.412.8765

3. Any arguments for a denial of coverage or partial denial of coverage that have not yet been disclosed shall be excluded.

4. Any affirmative defenses that have not yet been pled shall be excluded.

5. MetLife is bound by its prior stipulations and RFA (request for admission) admissions concerning authenticity, receipt, and sending of documents.

6. The parties will provide each other with at least 24 hour notice of witnesses to be called at trial.

DATED this _____ day of _____, 2016.

_____
James P. Donohue
United States District Court Magistrate Judge

PRESENTED BY:

JOEL HANSON, ATTORNEY AT LAW, PLLC

/s/ Joel Hanson
Joel B. Hanson, WSBA #40814
Attorney for Plaintiff

(PROPOSED) ORDER - 2

CV 14-01290 JPD

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219TH ST SW, SUITE 480
MOUNTLAKE TERRACE, WA 98043
206.412.8765

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DENNY TALADAY, Personal Representative of THE ESTATE OF ROSEMARY K. TALADAY, and GARY TALADAY,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | NO. CV 14-01290 JPD<br><br>**CERTIFICATE OF SERVICE** |

Under penalty of perjury under the laws of the State of Washington, I declare that on this 23rd day of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system with which will send notification of such filing to the following:

rmay@kilmerlaw.com
Kilmer, Voorhees & Laurick
732 NW 19th Ave.
Portland, OR 97209
P: 503.224.0055 | F: 503.222.5290

_____
Sonia Chakalo

CERTIFICATE OF SERVICE — 1